UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CLAUDIA PATRICIA CORONADO, | Case No. 5:25-cv-02658-DTB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| NISSAN NORTH AMERICA, INC., et al., | |
| Defendants. | |

**I.**

**PROCEEDINGS**

On July 9, 2025, plaintiff Claudia Patricia Coronado ("Plaintiff"), represented by counsel, filed a Complaint in San Bernardino County Superior Court, naming as defendants Nissan North America, Inc. and DOES 1 through 100, inclusive. (Docket No. 1-1 at 6-17).[1]  The gist of the Complaint is that on or about December 31, 2021, Plaintiff purchased a new 2022 Nissan Frontier that during the express warranty

---

[1]    For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

1

period contained or developed numerous defects which were unable to be repaired. (Id. at 8-9).  The Complaint alleges the following causes of action:  (1) Violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of express written warranty (California Civil Code §§ 1791.2(a), 1794); (5) breach of implied warranty of merchantability (California Civil Code §§ 1791.1, 1794); (6) violation of the Tanner Consumer Protection Act (California Civil Code § 1793.22); and (7) violation of California Code of Civil Procedure § 871.24.  (Id. at 8-15). Plaintiff seeks, among other relief, actual damages, general damages, consequential and incidental damages, restitution, and civil penalties.  (Id. at 9-11, 13-16).

On October 8, 2025, pursuant to 28 U.S.C. §§ 1332 and 1446, defendant Nissan North America, Inc. ("Defendant") removed the action to this Court based on diversity of citizenship and the amount in controversy.  (Docket No. 1).

On November 7, 2025, pursuant to 28 U.S.C. § 1447(c), Plaintiff filed a Motion to Remand (Docket No. 11), accompanied by the supporting Declaration of Sam Azimtash  ("Azimtash Decl.") (Docket No. 1-1) with several attached exhibits (Docket No. 1-2 through 1-6).  The Motion to Remand is based on the untimeliness of Defendant's removal of the action.  (Docket No. 11 at 7-11).

On December 4, 2025, Defendant filed an Opposition to the Motion to Remand ("Opposition").  (Docket No. 15).

Plaintiff did not file an optional Reply.

Thus, this matter now is ready for decision. For the reasons stated below, the Court denies the Motion to Remand.

/ / /

/ / /

/ / /

/ / /

2

## II.

## LEGAL AUTHORITY

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A district court has original jurisdiction of a civil action where the "matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs," and the matter in controversy is between "citizens of different States[.]" 28 U.S.C. § 1332(a); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) ("As for diversity jurisdiction, federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant.") (citing 28 U.S.C. § 1332(a)).

A defendant may remove an action from state court to a district court if the plaintiff could have originally filed the action in federal court.  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); see Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant.")   (citation omitted); Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1000 (2002) ("Diversity jurisdiction, including the amount in controversy, is determined at the instant of removal.").

"The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 90 (2014)). "'Where . . . it is unclear from the face of a state-

3

court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" Fritsch, 899 F.3d at 793 (citation omitted); see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (when a state court complaint does not specify a particular amount of damages, the removing defendant has the burden of establishing that it is "more likely than not" that the amount in controversy exceeds the threshold amount); Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (citation omitted; emphasis in original). "In calculating the amount in controversy, a removing defendant may make reasonable assumptions based on the plaintiff's complaint." Perez v. Rose Hills Co., 131 F.3d 804, 806 (9th Cir. 2025). A district court's determination about the amount in controversy is based on allegations in the Complaint, the removal petition, and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Id. (citation omitted). The amount in controversy is the "amount at stake in the underlying litigation." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016); see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 418 (9th Cir. 2018) ("[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."). The amount in controversy "includes damages (compensatory, punitive or otherwise)" and future attorneys' fees recoverable under a statute or contract. Fritsch, 899 F.3d at 793-94.

28 U.S.C. § 1446 sets forth the procedures for removal. Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1124 (9th Cir. 2013); see also Fritsch, 899 F.3d at 788 ("the removal must be timely"). "A defendant must generally remove a case within 30 days of receiving the complaint." Fritsch, 899

F.3d at 788; see 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceedings shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter."); Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 885 (9th Cir. 2010) ("The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" (citation omitted); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 690-91 (9th Cir. 2005) ("the thirty day time period [for removal] starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction") (citation and internal quotation marks omitted). "If the complaint itself does not provide a basis for removal, however, a defendant may file a notice of removal within 30 days after receipt of information "'from which it may first be ascertained that the case is one which is or has become removable.'"" Fritsch, 899 F.3d at 788 (quoting 28 U.S.C. § 1446(b)(3)); see 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which it may first be ascertained that the case is one in which is or has become removable."); Dietrich v. Boeing Company, 14 F.4th 1089, 1095 (9th Cir. 2021) ("an amended pleading, motion, order, or other paper must made a ground for removal

/ / /

/ / /

/ / /

unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)"). "[T]he two periods specified in § 1446(b)(1) and (b)(3) operate as limitations on the right to removal rather than as authorizations to remove." Roth, 720 F.3d at 1123.

". . . [R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citation omitted); see also Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012) ("Removal statutes are to be 'strictly construed against removal jurisdiction.") (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citation omitted); see also Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 399 (9th Cir. 2010) ("This means that jurisdictional issues may be disputed, and, when they are, the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate.").

## III.

## DISCUSSION

As noted, Plaintiff has moved to remand this action based on the untimeliness of Defendant's removal.

A.    Defendant's Removal of This Case was Timely.

1.    The Amount in Controversy.

Plaintiff contends that Defendant's removal of this action to federal court was untimely under Section 1446(b)(1) because the Complaint, on its face, showed that the amount in controversy exceeds $75,000.000.  According to Plaintiff, "[b]ecause the Complaint placed [Defendant] on notice of removability, the August 21, 2025

6

deadline governed, and [Defendant's] October 8, 2025 removal was untimely. (Motion to Remand at 7-10; Azimtash Decl. at ¶ 2).

Defendant contends that removal of this action to federal court was not untimely under Section 1446(b)(1) because the Complaint does not affirmatively reveal on its face that the amount in controversy exceeds $75,000.00. According to Defendant, "removal was timely because [Defendant] removed based on its own investigation which concluded in the 30 days prior to removal." (Opposition at 10-11, 13-18).[2]

The Complaint alleges that Plaintiff seeks damages in an amount exceeding $35,000.00. (Docket No. 1-1 at 9 ["Plaintiff suffered damages in a sum to be proven at trial but not less than $35,001.00."]). Contrary to Plaintiff's assertion (see Motion to Remand at 8-9), the Complaint does not specify whether those damages are actual damages, general damages, or restitutionary damages. The Complaint specifies damages in excess of $35,000.00. Assuming that the Complaint alleges Plaintiff suffered actual damages exceeding $35,000.00, the question is whether the Complaint affirmatively reveals on its face that the amount in controversy is greater than the $75,000.00 threshold.

Although the Complaint contains several allegations that Plaintiff "is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to" various provisions of California Civil Code 1794 (see Complaint at 9 (¶¶ 17-20), 10 (¶ 26), 11 (¶ 30), 13 (¶ 50), 15 (¶ 57); see id. at 15-16) – allegations on which Plaintiff relies (see Docket No. 11 at 7-9; Azimtash Decl. at ¶ 2) –, Plaintiff's failure to allege the actual purchase price of the vehicle in question does not make it clear that the amount

---

[2]   Since both parties appear to agree that 28 U.S.C. § 1446(b)(1) is applicable to this case (see Motion to Remand at 7, 10-11; Azimtash Decl. at ¶¶ 6-8; Opposition at 11), and since Plaintiff does not argue that the 28 U.S.C. § 1445(b)3) is applicable to this case, the Court will only apply Section 1446(b)(1) in its analysis.

in controversy exceeds $75,000.00.  See Covarrubias v. Ford Motor Company, Case No. 2:25-cv-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) ("Here, the Complaint did not make it clear whether the amount in controversy exceeds the jurisdictional threshold, as it states only the approximate value of the Subject Vehicle without providing any information as to the total cash price for the Subject Vehicle or any information from which the mileage use offset can be determined. . . .  The Court thus concludes that in actions brought under the Song-Beverly Act, a complaint is indeterminate as to the amount in controversy when that complaint alleges only the approximate value of a vehicle without also providing any information as to the amount actually paid for the vehicle by plaintiff . . . .").

To the extent that Plaintiff argues that the 30-day period of removal was triggered under Section 1446(b)(1) because Defendant "had the sales contract, warranty records, and repair history from the beginning, because they are [Defendant's] own documents" (Docket No. 11 at 8; Azimtash Decl. at ¶ 4), Plaintiff's argument is unpersuasive.  The trigger for removal under Section 1446(b)(1) is based on information contained on the face of the Complaint.  See Harris, 425 F.3d at 694 ("We now conclude that notice of removability is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make a further inquiry."); see also Kuxhausen v. BMW Financial Services NA LLC, 707 F.3d 1136, 1141 (9th Cir. 2013) ("[W]e conclude that [the defendant] was not obligated to supply information which [the plaintiff] had omitted."); Stewart v. General Motors LLC, Case No. 2:25-cv-07153-SPG-MAA, 2025 WL 2848991, at *3 (C.D. Cal. Oct. 7, 2025) ("Even assuming [the defendant] had documents in its possession from which it could approximate the amount in controversy, it was not required to 'rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable.'") (quoting Caravalho, 629 F.3d at 885-86); Lopez v. General Motors,

8

LLC, Case No. 2:25-cv-06549-MWF-MAA, 2025 WL 2629545, at *3 ("C.D. Cal. Sept. 11, 2025) ("[The plaintiff] next argues that removability was ascertainable from the Complaint because [the defendants] themselves had the ability to investigate the value the Vehicle given the make, model, year, and VIN included in the Complaint. But the Ninth Circuit has explicitly rejected the notion that [the defendants] must 'make extrapolations or engage in guesswork' where the Complaint does not allege any specific figures that would allow the Defendants to calculate the amount in controversy.") (citing to Kuxhausen, 707 F.3d at 1140).

Since the Complaint does not specify amounts being sought for consequential and incidental damages or for reasonable attorneys' fees (see Complaint at 15-16), those cannot be used as a basis to find that the Complaint affirmatively reveals on its face an amount in controversy in excess of $75,000.00.

Therefore, the allegations in the Complaint concerning the amount in controversy fall short of triggering the 30-day removal clock under Section 1446(b)(1).

2.    Diversity of Citizenship.

Plaintiff contends that Defendant's removal of this action to federal court was untimely under Section 1446(b)(1) because the Complaint sufficiently alleges diversity of citizenship by alleging that Plaintiff is a resident of California. (Motion to Remand at 10-11).

Defendant contends that removal of this action to federal court was not untimely under Section 1446(b)(1) because Plaintiff's citizenship is indeterminate from the Complaint. (Opposition at 15-16). [3]

---

[3]    In the Notice of Removal, Defendant states that: "At the time Plaintiff commenced this action, [Defendant] was (and still is) a Delaware corporation with its principal place of business in Tennessee and thus, for jurisdictional purposes, a citizen of those two states." (Docket No. 1 at 3).

9

The Complaint alleges that "Plaintiff is now, and at all times mentioned in this Complaint was, an individual adult resident of California."  (Complaint at 7).

As Plaintiff notes (see Motion for Remand at 10-11; Azimtash Decl. at ¶ 8), some district courts, including courts in this District, have found that allegations of residency in a complaint are sufficient to support removal based on diversity jurisdiction.  However, the Court finds persuasive the reasoning of cases which have found that allegations of residency in a complaint were insufficient to trigger the 30-day deadline for removal.  See Martinez v. General Motors LLC, Case No. 2:25-cv-07208-AJR, 2025 WL 2926885, at *6 (C.D. Cal. Oct. 15, 2025) (in a case containing a similar allegation about residency, the court concluded that "the [plaintiff's] bare allegation of residency was insufficient to trigger [the defendant's] 30-day deadline for removal on the basis of complete diversity"); Brady v. Kohl's Inc., Case No. 2:22-cv-03427-SPG-PD, 2022 WL 4104627, at *2 (C.D. Cal. Sept. 7, 2022) ("Therefore, base on the complaint, [the defendant] was *at most* put on notice that [the plaintiff] resided in California.  But, residency, alone, without evidence of 'an intention to make a certain definite place one's permanent abode,' does not give rise to citizenship for the purposes of diversity jurisdiction.  Therefore, [the defendant] could not reasonably ascertain the basis of removal from the four corners of the initial pleading served on [the defendant].") (internal citations omitted); Crisp-Stoot v. Wal-Mart Stores, Inc., Case No. 2:18-cv-01694-PSG-PJW, 2019 WL 1307735, at *2 (C.D. Cal. Mar. 22, 2019) ("[A]n allegation that an individual is a resident of a state is not enough to show that she is a citizen of that state.  And because the thirty-day removal clock does not start running until the defendant receives a pleading or other paper that affirmatively reveals that the case is removable, with no need for further investigation, this Court has previously held that information in pleadings or other papers about residence alone is not enough to start the clock.") (citations omitted).

10

Therefore, the allegations in the Complaint regarding Plaintiff's residency are insufficient to trigger the 30-day removal clock under Section 1446(b)(1).

## IV.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand is **DENIED.**

Dated: April 30, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE